**EXHIBIT "B"**

## CONSENT TO TRANSFER OF FRANCHISE AGREEMENTS

THIS CONSENT TO TRANSFER OF FRANCHISE AGREEMENTS (this "Agreement") is made and entered into on this 1st of March 2005 (the "Agreement Date"), by and among CHECKCARE ENTERPRISES, LLC, a Kentucky limited liability company (the "Franchisor"), S & D HOLDINGS., and GCB ENTERPRISES.

### RECITALS:

WHEREAS, GCB Enterprises. and Checkcare Enterprises, Inc. ("CEI") entered into a certain Franchise Agreement dated August 4, 1998 granting GCB Enterprises. the right to operate a Checkcare Business in St Louis, Missouri;

WHEREAS, on February 11, 2002, CEI assigned all of its rights and obligations under the Franchise Agreements to Franchisor;

WHEREAS, GCB Enterprises. and S & D Holdings.. desire to enter into a transaction, effective as of 3-1-05 (the "Effective Date"), pursuant to which GCB Enterprises. would transfer all of it's interest in the St Louis franchise to S & D Holdings.

WHEREAS, the Franchise Agreements contain GCB Enterprises.'s obligation not to allow the transfer otherwise cause any change to its legal composition without the prior written consent of Franchisor;

WHEREAS, Franchisor is willing to approve the transfer of the St Louis franchise if GCB Enterprises, Inc. and S & D Holdings. agree to the terms of this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **Consent to Transfer.** Franchisor consents to the transfer, and waives any rights of first refusal it may have with respect only to the transfer, on the condition that S & D Holdings. and GCB Enterprises. agree, to comply with all of the terms and conditions of this Agreement.

2. **Assumption of Obligations.** S & D Holdings. expressly assumes all of GCB Enterprises.'s obligations, agreements, commitments, duties and liabilities under the Franchise Agreements and agrees to be bound by, and faithfully to pay, perform and observe at all times during and after the term of the Franchise Agreements, all of GCB Enterprises's obligations, agreements, commitments, duties and liabilities under the Franchise Agreements with the same force and effect as if the Franchise Agreements were originally written with GCB Enterprises. as the Franchisee; as of march 1, 2005. S & D Holdings, LLC will not assume any financial obligations from GCB Enterprises to Checkcare Enterprises LLC prior to march 1, 2005.

3. **Transfer Fee.** No transfer fee,

30285417.v2

Case 2:06-cv-02375-JPM-dkv   Document 1-3   Filed 06/19/06   Page 3 of 5   PageID 32

4. **Contingency.** This consent to transfer is also subject to the terms and conditions of the promissory note between S & D Holdings and the Checkcare Security Fund, Inc. and this consent shall be revoked in the event S & D Holdings defaults under the terms of the attached agreement (Exhibit A).

5. **Future Transfers.** Franchisor's consent under Section 2 will not be construed as its consent to any further transfers or changes in legal composition, or to the waiver of any future rights of first refusal it may have under the Franchise Agreements. Any further transfers or changes in legal composition may be effected only with Franchisor's prior written consent in accordance with the Franchise Agreements.

6. **Release of the Franchisor Parties by the GCB Enterprises, Parties and Covenant Not to Sue.** GCB Enterprises, and the GCB Enterprises.'s Owners, for themselves and all of their respective officers, directors, partners, managers, shareholders, members, employees, representatives and agents, and all of their respective successors, heirs, executors, administrators, personal representatives and assigns (collectively, the "GCB Enterprises.'s Parties"), hereby forever release and discharge Franchisor, its predecessors, its and their affiliates, and all of their respective officers, directors, managers, shareholders, members, employees, agents, heirs, representatives, successors and assigns (collectively, the "Franchisor Parties"), from any and all causes of action, suits, claims, demands, damages, judgments, losses, penalties, expenses (including, but not limited to, attorneys' fees), costs, settlements and liabilities whatsoever, whether known or unknown, liquidated or unliquidated, fixed, contingent, direct or indirect, whether at law or in equity, for, upon or by reason of any matter, fact or thing whatsoever from the beginning of time through and including the Effective Date, including, but not limited to, any alleged violations of the Federal Trade Commission's Trade Regulation Rule relating to Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures, "Little FTC" laws, deceptive or unfair trade practices laws, franchise laws or securities laws, including the franchise laws and regulations of any state, and any other local, municipal, state, federal or other laws, statutes, rules or regulations, and any alleged violations of the Franchise Agreements (collectively, "Claims").

GCB Enterprises, and the GCB Enterprises.'s Owners, further covenant not to sue any of the Franchisor Parties on any of the Claims released by this Section 6. GCB Enterprises, and each of the GCB Enterprises.'s Owners, jointly and severally, hereby represent and warrant to the Franchisor Parties that: (a) each has full power and authority to sign this Agreement and bind all of the Huppmann Enrterprises, Inc.'s Parties to its provisions; and (b) none of the GCB Enterprises.'s Parties has assigned any of the Claims released by this Section 6.

7. **Indemnification of the Franchisor Parties.** GCB Enterprises., jointly and severally, agree to indemnify any and all of the Franchisor Parties for, and to defend and hold any and all of the Franchisor Parties harmless from and against, any loss, cost, damage, liability, or expense (including, without limitation, attorneys' fees, arbitrators' fees, expert witness fees, costs of investigation and proof of facts, and other costs of litigation or arbitration, whether or not litigation or arbitration is commenced) arising out of or relating directly or indirectly to the breach of any provision of this Agreement by any of the GCB Enterprises.'s Parties or the operation of the St Louis by GCB Enterprises. prior to the Effective Date.

2

8. **Role of Franchisor.** GCB Enterprises., the GCB Enterprises Inc.'s Owners, S & D Holdings. and the S & D Holdings.'s Owners acknowledge and agree that: (a) they have negotiated the transfer between them without substantial involvement by the Franchisor; (b) the Franchisor has not effected or arranged the transfer; (c) the Franchisor's only involvement in the transaction has been for the purpose of exercising its right of consent to the transfer in accordance with the Franchise Agreements; and (4) they are not relying on any representation by any of the Franchisor Parties in entering into the transfer.

9. **Conflicting Provisions.** If there is any conflict between the provisions of this Agreement and the provisions of the Franchise Agreements, the provisions of this Agreement shall prevail.

10. **Binding Effect.** This Agreement is binding upon and inures to the benefit of Franchisor, GCB Enterprises., the GCB Enterprises.'s Owners, S & D Holdings., the S & D Holdings.'s Owners, and their respective successors, permitted assigns and legal representatives.

11. **Miscellaneous.**

(a) Except for additional documents that GCB Enterprises., and S & D Holdings. will sign in order to consummate the transfer, this Agreement constitutes the entire understanding among the parties with respect to the transaction this Agreement contemplates.

(b) The captions and headings are only for convenience of reference, are not a part of this Agreement, and will not limit or construe the provisions to which they apply. All references in this Agreement to the singular usage will be construed to include the plural and the masculine and neuter usages to include the other and the feminine.

(c) This Agreement may be executed in multiple copies, each of which will be deemed an original.

(d) Each of the Franchisor Parties will be deemed to be a third party beneficiary of this Agreement with an independent right to enforce it.

IN WITNESS WHEREOF, the parties have duly executed this Agreement effective as of the Agreement Date.

CHECKCARE ENTERPRISES, LLC

By: _____
Printed Name: Dennis Swartz
Its: President

GCB ENTERPRISES.

3

By: _____
Printed Name: William L. Watkinson
Its: GM / 50% Owner

**GCB ENTERPRISES OWNERS**

Charles L. Lipton - 50% Owner

William G. Watkinson - 50% Owner

**S & D HOLDINGS, LLC**

By: _____
Printed Name: Susan Perlmutter
Its: Bm / Owner

**S & D HOLDINGS OWNERS:**

_____
**SUSAN PERLMUTTER**

4